IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-119-FL

| | |
|---|---|
| PAMELA JOAN GRIFFIS, | ) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| DUKE ENERGY PROGRESS and SAMMY ROBERTS, Director, | ) |
| Defendants. | ) |

This matter comes before the court for review of plaintiffs' *pro se* complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein she recommends that the court dismiss in part plaintiff's complaint. Plaintiff filed objections to the M&R. In this posture, the matter is ripe for ruling.[1]

**COURT'S DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

---

[1] Also pending before the court, but not yet ripe, are defendants' partial motion to dismiss (DE 18) and motion to stay (DE 22). The court will address these motions when ripe by separate order.

& Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This case arises under the *in forma pauperis* statute, which authorizes district courts to waive costs and fees for indigent litigants. 28 U.S.C. § 1915; Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Frivolous claims are those that lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, the magistrate judge recommends allowing plaintiff's claim under Title VII of the Civil Rights Act of 1964 ("Title VII") to proceed against defendant Duke Energy Progress and to be dismissed against individual defendant Sammy Roberts. The magistrate judge correctly determined that claims against individual defendant Sammy Roberts must be dismissed. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998). Plaintiff's objections do not address the merits of this determination and are overruled.

## CONCLUSION

Upon careful review of the M&R and the record in this matter, the court ADOPTS the M&R as its own. Plaintiff's claim against defendant Samy Roberts is DISMISSED WITH PREJUDICE. Plaintiff's remaining claims against defendant Duke Energy Progress are allowed to proceed. The court will address by separate order defendants' partial motion to dismiss (DE 18) and motion to stay (DE 22) when ripe.

SO ORDERED, this the 28th day of June, 2019.

LOUISE W. FLANAGAN
United States District Judge

2