IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-119-FL

| | | |
|---|---|---|
| PAMELA JOAN GRIFFIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DUKE ENERGY PROGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss plaintiff's harassment claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 18). Also before the court is a joint motion for protective order instigated by defendant. (DE 34).[1] In this posture the issues raised are ripe for ruling. For the reasons that follow, the instant motions are granted.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se and in forma pauperis, commenced this employment discrimination action against defendant, her former employer, on March 21, 2019.[2] Plaintiff's complaint, filed upon completion of frivolity review, asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII"), on the basis of wrongful

---

[1] Also pending, but not ripe, are plaintiff's motion for summary judgment, motion to redact, and motion in limine, (DE 25, 30, 38).

[2] Plaintiff also asserted claims against former defendant Sammy Roberts, a director of defendant, which claims were dismissed upon frivolity review. The court has constructively amended the caption of this order to reflect dismissal of former defendant Sammy Roberts.

termination, unlawful retaliation, and harassment because of race.[3] Plaintiff attaches to her complaint a narrative statement, along with a United States Equal Employment Opportunity Commission ("EEOC") notice of rights to sue and charge of discrimination ("EEOC charge"), a "list of ethnic slurs," and correspondence to plaintiff from Lincoln Financial Group, defendant, and the North Carolina Board of Review. (See DE 6-1 to 6-7). Plaintiff seeks back pay, reinstatement, and damages.

In the instant motion to dismiss, defendant seeks dismissal of plaintiff's harassment claim on the basis that plaintiff did not exhaust administrative remedies prior to filing this claim, which is not mentioned in plaintiff's EEOC charge. In case management order entered July 16, 2019, the court stayed discovery on plaintiff's harassment claim only pending decision on the instant motion.

## STATEMENT OF FACTS

The facts alleged in the complaint and documents attached thereto may be summarized as follows. "Plaintiff is an African American" who "was employed with Duke Energy Progress" from approximately June 2016 to October 24, 2016. (Compl. (DE 6) at 3; Stmt. (DE 6-1) at 2).

In July 2018, plaintiff was promoted to the position of "Administrative Specialist," and was "approved a corporate credit card, which allows for the charging of personal expenses under extenuating circumstances." (EEOC Charge (DE 6-2) at 2). "On October 16, 2018, [plaintiff] was suspended without pay, without warning, pending an investigation into allegations of misuse and inappropriate coding of personal expenses for the corporate credit card." (Id.). Plaintiff alleges that she "was walked out of employment and humiliated in front of co-workers[,] reason being investigation of misuse of corporate credit card." (Compl. (DE 6) at 4). "However, [plaintiff]

---

[3] Plaintiff also states in her complaint that she was discriminated against due to disability, which allegation is not subject of the instant motion to dismiss.

provided written explanation and receipts for each expense since July 2018, and was never told [she] was doing it incorrectly." (EEOC Charge (DE 6-2) at 2). That same day, plaintiff "applied for Short Term Disability (STD), which has a 7-day waiting period." (Id.). "On October 24, 2018, [plaintiff] was terminated." (Id.). Plaintiff "did not expect termination and believe[s] [she] was retaliated against when [she] filed for disability and then called [for] investigation," when allegedly "there was no reason for investigation other than racial discrimination." (Compl. (DE 6) at 5).

Plaintiff also alleges that "[d]uring the course of employment, [d]efendant created an environment which encouraged and fostered a hostile work environment for [plaintiff] due to her race." (Stmt. (DE 6-1) at 2). Plaintiff cites examples of this alleged behavior including: 1) "A white co-worker encircling Plaintiff among three other co-workers, asking for an explanation as to why [p]laintiff drives a new vehicle," and 2) "racial slurs were used during employment at Duke Energy Progress by a white co-worker asking 'want crackers' pretending to eat saltines." (Id.). Plaintiff asserts "demeaning and hostile treatment" and "harassment, abuse and discrimination encouraged by Duke Energy management's refusal to stop the behavior." (Id.).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual

3

enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.     Analysis

Title VII requires a plaintiff to exhaust administrative remedies before filing suit in federal court. 42 U.S.C. §§ 2000e-5(b), (f)(1). Exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it." Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1849 (2019).

In order to exhaust remedies, an employee must first contact the EEOC and present it with information supporting the allegations. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013). (citing 29 C.F.R. § 1601.6). Typically, the EEOC will then assist the individual in preparing a charge, and sending a notice and copy of the charge to the employer. Id. at 407. This gives the employer an opportunity to voluntarily investigate and resolve concerns internally as the EEOC conducts its own investigation. Id. If the EEOC finds "reasonable cause to believe that the charge is true," it may seek to eliminate unlawful employment practices through conference, conciliation, and persuasion. Id.; see 42 U.S.C. § 2000e-5(b). The EEOC may file a lawsuit or issue the employee a Notice-of-Right-to-Sue in the event the EEOC fails to reach a voluntary settlement with the employer, or if the EEOC does not find "reasonable cause to believe that the charge is true," or when the employee requests a right to sue. Balas, 711 F.3d at 407; see 29 C.F.R. §§ 1601.27-28.

In any subsequent lawsuit, the court "may only consider those allegations included in the EEOC charge" in order to determine whether plaintiff has exhausted her remedies. Balas, 711 F.3d at 407. If the claims "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, [the claims in the civil action] are procedurally barred." Id. at 407-08 (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)). "[T]he

allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." Chacko, 429 F.3d at 509 (citations omitted). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

However, the administrative charge "does not strictly limit a . . . suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981); see also Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding claims barred which "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof."). "[I]f the factual allegations in the administrative charge are reasonably related to the factual allegations in the formal litigation, the connection between the charge and the claim is sufficient." Chacko, 429 F.3d at 509. Finally, "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." Alvarado v. Bd. of Trs. of Montgomery Cnty. Cmty. Coll., 848 F.2d 457, 460 (4th Cir. 1988).

Here, plaintiff's charge alleges that "[o]n October 16, 2018, [she] was suspended without pay, without warning, pending an investigation into allegations of misuse and inappropriate coding of personal expenses for the corporate credit card." (EEOC Charge (DE 6-2) at 2). The charge further states: "This same day, [she] applied for Short Term Disability (STD)," and, on October 24, 2018, [plaintiff] was terminated." (Id.). It then details the process by which plaintiff appealed the termination. (See id.). The EEOC charge does not mention racial harassment, abuse, or hostile

5

work environment, as asserted in the complaint, (see Stmt. (DE 6-1) at 2), and it does not mention acts of harassment based upon race by co-workers or her employer during plaintiff's period of employment. (See id.; EEOC Charge (DE 6-2) at 2). The EEOC charge mentions none of the specific incidents of harassment plaintiff now alleges in the complaint, such as reference to her "new vehicle" or "crackers." (See Stmt. (DE 6-1) at 2; EEOC Charge (DE 6-2) at 2).

It is not reasonable to believe that the EEOC would investigate racial harassment where plaintiff has alleged only wrongful suspension, retaliation, and termination, discrete adverse employment actions taken at the conclusion of plaintiff's employment. See Balas, 711 F.3d at 408 ("[W]e are not at liberty to read into administrative charges allegations they do not contain."). Allegations in the EEOC charge of those discrete actions are insufficient to exhaust plaintiff's administrative remedies for a broader pattern of racial harassment and hostile work environment based upon comments and actions of co-workers. See Chacko, 429 F.3d at 509 Morgan, 536 U.S. at 114,

Plaintiff argues that she has stated a claim for hostile work environment and harassment. She alleges in her response brief additional actions and statements, perceived offensive, by co-workers, supervisors, and others, at the time that she was promoted to her last position in July 2018. (See, e.g., Resp. (DE 26) at 6). This argument, however, is irrelevant to the issue presented by the instant motion to dismiss. Plaintiff's EEOC charge did not serve to exhaust allegations in the complaint of racial harassment. Additional similar allegations made in response to the motion to dismiss do not change this conclusion, but rather further emphasize the lack of exhaustion for the alleged acts of racial harassment.

Accordingly, plaintiff's claim for racial harassment must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fort Bend Cty., 139 S. Ct. at 1849. Where plaintiff did not

exhaust administrative remedies for this claim, and where the time for doing so has passed, dismissal is with prejudice.

C.  Discovery

In light of the court's decision today, the court makes permanent its determination in case management order that discovery in this case is limited to the claims that remain in the case, which claims do not include plaintiff's claim for harassment now dismissed. Nothing in this order, however, should be construed to limit the scope of discovery on plaintiff's remaining claims.

D.  Protective Order

The parties jointly move for a stipulated protective order regarding confidential treatment of information produced in discovery, accompanied by a proposed protective order. For good cause shown the motion for protective order is granted, and the court will enter separately the proposed stipulated protective order.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 18) plaintiff's harassment claim is GRANTED. Plaintiff's harassment claim is DISMISSED WITH PREJUDICE. The motion for protective order (DE 34) is GRANTED, and the court will enter separately the proposed stipulated protective order.

SO ORDERED, this the 6th day of August, 2019.

LOUISE W. FLANAGAN
United States District Judge