IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00119-FL

| | |
|---|---|
| **Pamela Joan Griffis**, | |
| Plaintiff, | |
| v. | **Order** |
| **Duke Energy Progress**, | |
| Defendant. | |

Plaintiff Pamela Joan Griffis has asked the court to prohibit Defendant Duke Energy Progress from reconvening her deposition. Griffis claims that she has already been deposed for the seven-hour period allowed under the Federal Rules. She has also told the court that she may lose her voice if she is required to provide additional deposition testimony. DEP claims that Griffis has not given seven hours of testimony under oath and that she previously provided testimony without any vocal difficulty. DEP also asks that it be given three additional hours of time to depose Griffis because, it claims, she was evasive during her initial deposition.

Under the Federal Rules of Civil Procedure, the length of "a deposition is limited to one day of 7 hours." Fed. R. Civ. P 30(d)(1). The Advisory Committee Notes explain that "[t]his limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition." *Id.* 2000 Advisory Committee Notes.

DEP claims that although more than seven hours elapsed from the start of her deposition until the end, not all of that time was spent on the record. During the course of the deposition, "the parties took multiple breaks, including but not limited to, allowing Plaintiff to add change to the

parking meter, a long lunch so that Plaintiff could go vote, and an extended break so that Plaintiff could retrieve documents from her car." Resp. in Opp. ¶ 1, D.E. 54. Griffis does not materially dispute these facts.

What is more, according to DEP, Griffis agreed at the conclusion of her initial deposition to reconvene and continue her deposition. Griffis does not dispute this assertion. Instead, she claims that she changed her mind after reviewing the Case Management Order and considering vocal problems caused by her testimony. DEP asserts that if it knew that Griffis would not allow her deposition to resume, it would have continued with her deposition on its original date.

After considering all of these factors, the court believes it is appropriate to allow DEP to reconvene Griffis's deposition. The seven-hour limit for depositions only counts time spent on the record, and DEP has not yet used up all of the time it is entitled to under the Federal Rules. And the fact that Griffis initially agreed to continue her deposition also weighs heavily in favor of allowing the deposition to continue. The discovery process is largely managed by the parties and the court has an incentive to enforce agreements made by the parties to ensure that the process proceeds efficiently.

The court does not find Griffis's claims of potential vocal problems to be a sufficient reason to preclude her further deposition. Although she has provided the court with the name of a doctor and information about a practice called vocal pacing, there is nothing before the court (such as a letter from her doctor) showing that requiring Griffis to sit for additional deposition time would result in any injury to her.

The next question the court faces is the length of Griffis's reconvened deposition. DEP estimates that it spent about five hours on the record during Griffis's initial deposition. Yet it seeks to depose her for three additional hours, which would total more than the seven hours allowed by

the Rules. The additional hour is necessary, DEP claims, because "Plaintiff often refused to provide a 'yes' or 'no' response when the question called for such an answer during her deposition requiring multiple attempts to illicit a response to a question." Resp. in Opp. ¶ 8.

The Federal Rules require the court to allow parties additional time beyond the seven-hour limit to take a deposition if it is "needed to fairly examine the deponent or if the deponent . . . impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). The party seeking an order to extend the deposition must "show good cause to justify such an order." *Id.* 2000 Advisory Committee Notes. After considering the parties' arguments, the court finds that DEP has not established good cause to extend the total deposition time to eight hours. Thus, when her deposition reconvenes, DEP may depose Griffis until the aggregate amount of on-the-record time totals seven hours.

Griffis also asks the court to terminate the requirement in the Case Management Order requiring the parties to undertake mediation. She claims that she lacks the funds to pay for a mediator. DEP does not oppose this request. The court will grant this request and excuse this case from private mediation. The court may order that the parties participate in a court-hosted settlement conference in the future.

Thus, it is ordered that:

1. Griffis's motion is granted in part and denied in part.

2. Griffis must attend her reconvened deposition which is currently scheduled for March 10, 2020 at 3:00 p.m.

3. DEP may depose Griffis until she has been on the record for seven hours. Time taken for breaks and recesses shall not count towards this limit.

4. The Case Management Order is amended to remove the requirement that the parties participate in mediation before April 22, 2020. All other aspects of the Case Management Order remain in effect.

5. Each party shall bear their own costs.

Dated: March 9, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge