IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00119-FL

| | |
|---|---|
| **Pamela Joan Griffis**, <br><br> Plaintiff, <br><br> v. <br><br> **Duke Energy Progress**, <br><br> Defendant. | **Order on Motion to Seal** |

Plaintiff Pamela Griffis asks the court to place "medical information of Provider services" under seal. D.E. 53 at 2. The "medical information" consists of her doctor's business card and an informational pamphlet describing vocal pacing. D.E. 52. The court will deny this request because there is nothing private or confidential about the information at issue.

Generally, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford* v. *New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Press-Enter. Co.* v. *Super. Ct. of Cal.*, 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). If the First Amendment governs the public's right of access to a particular document, the court may only deny the public access to the document if there is "a 'compelling governmental interest' and proof that the denial is 'narrowly tailored to serve that interest.'" *Baltimore Sun Co.* v. *Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (quoting *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 606 (1982)). But if the public's right of access is governed by the common law, the decision of whether to place the document under seal is "left to

the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon* v. *Warner Commc'ns, Inc.,* 435 U.S. 589, 599 (1978).

The nature of the document at issue determines whether the public's right of access stems from the common law or the First Amendment. All judicial documents are subject to common law protections. *Stone* v. *Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (quoting *Nixon*, 435 U.S. at 597). Documents qualify as judicial documents "if they play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).

The public has a First Amendment right of access to a subset of the universe of judicial documents. To determine whether the First Amendment applies, courts apply the two-pronged "experience and logic" test. *Id.* at 291. Under this test, the court first asks "whether the place and process have historically been open to the press and general public[.]" *Id.* (quoting *Goetz*, 886 F.2d at 64). Then it must consider "whether public access plays a significant positive role in the functioning of the particular process in question." *Id.*

The experience and logic test counsels against finding that the documents at issue are entitled to the First Amendment right to access. The documents relate to a dispute over the length of a deposition. Depositions (and the discovery process in general) are not generally conducted in public view. Thus, the documents at issue do not satisfy the first prong of the experience and logic test and are not entitled to First Amendment protection.

But the documents do qualify as judicial documents. Griffis submitted the documents as part of her request that the court limit the scope of her deposition and the court considered them for that purpose. Thus, they are part of the adjudicative process and entitled to the common law right to access.

After considering the materials at issue, the court, in its discretion, declines to place the documents under seal. The documents contain no private information. Instead, they include the contact information of a Duke Health physician and suggested practices to avoid or recover from vocal injury—information that anyone could find on the Internet. Given that the information in the documents is already publicly available there is no reason to place them under seal. Griffis's motion to seal (D.E. 53) is denied.

Dated: March 11, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge